[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is a consolidated, accelerated appeal from two judgment entries of the Lucas County Court of Common Pleas in which the court denied motions for post-conviction relief filed by appellant, Eunice L. Harris. Appellant has presented one assignment of error in which he asserts the trial court abused its discretion when it denied his petitions for post-conviction relief on the basis that they were barred by resjudicata.
The record shows that appellant entered no contest pleas to a charge of felonious assault with a firearm specification and to a charge of voluntary manslaughter with a firearm specification. He was found guilty of the offenses, and was sentenced on September 25, 1996.
On June 3, 1996, appellant filed two motions for relief from judgment, in which he argued the trial court lacked jurisdiction to sentence him in each of his cases because, according to him, the indictments for his crimes did not allege that the crimes were committed at some place within the jurisdiction of the court. On June 22, 1996, the trial court denied appellant's motions for relief from judgment. Appellant appealed that decision. While the appeal was pending, appellant filed two petitions for post-conviction relief on September 20, 1996. In the petitions he argued that he received ineffective assistance of counsel because his attorney did not argue that the trial court had no subject matter jurisdiction in his cases because of the alleged flaws in the indictments.
On January 24, 1997, this court affirmed the trial court's ruling denying appellant's motions for relief after noting that the motions for relief from judgment were in reality motions for post-conviction relief. State v. Harris (Jan. 24, 1997), Lucas App. No. L-96-275, unreported. This court found that the indictments in question sufficiently alleged the location of the crimes to vest the trial court with subject matter jurisdiction.Id.
On September 10, 1997, the trial court filed findings of fact and conclusions of law in which it ruled that appellant's petitions for post-conviction relief were denied on the basis ofres judicata. The trial court noted that appellant could have raised his ineffective assistance of counsel claims in his original petitions for post-conviction relief, which he titled as motions for relief from judgment. Appellant then filed the notices of appeal which were consolidated and are now before this court.
We have carefully reviewed the record and the arguments presented by appellant and appellee on appeal. We conclude that the trial court did not err when it ruled that appellant's second petitions for post-conviction for relief are barred by resjudicata. See R.C. 2953.23(A), State v. Shoemaker (July 23, 1997), Summit App. No. 18286, unreported; State v. Martin (May 31, 1996), Sandusky App. No. S-95-054, unreported. Appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.